UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PERRY A. McCULLOUGH,

              Plaintiff,

v.

BUREAU OF PRISONS, *et al.*,

              Defendants.

Civil Action 05cv374  (HHK)

**MEMORANDUM OPINION**

This matter is before the Court on defendants' motions to dismiss. Having considered the motions and plaintiff's oppositions, the Court will transfer this action to the United States District Court for the Eastern District of California.

I.  BACKGROUND

At all times relevant to the complaint, plaintiff was a federal prisoner incarcerated at the Taft Correctional Institution ("TCI"), a facility which Wackenhut Corrections Corporation ("Wackenhut") operated under contract with the Federal Bureau of Prisons ("BOP").[1]  Compl. ¶¶ 1-3 (Part II).[2]

---

[1] Plaintiff was transferred from TCI to the Federal Corrections Institution in Tucson, Arizona. Compl. ¶¶ 69, 82 (Part III). Later he was transferred to the Federal Corrections Institution in Terminal Island, California, where he currently is incarcerated in a low security facility. *See id.* (Part VI).

[2] Plaintiff prepared his Complaint in six sections: Nature of the Action (Part I), Parties to the Action (Part II), Factual Basis for the Verified Complaint for Damages (Plaintiff's Affidavit) (Part III), Causes of Action (Part IV), Classification of Defendants (Part V), and Relief Requested (Part VI). Each section is set forth in sequentially numbered paragraphs. References

Plaintiff states that defendants falsified records pertaining to disciplinary actions taken against him following his alleged leadership role in effecting a food and work strike at TCI in November 2001. Although defendants determined that plaintiff committed no disciplinary violation, records identifying his role in the strike remain in his Central File. Defendants' reliance on these erroneous records, plaintiff contends, led to adverse determinations with respect to his supervision and security levels.

Plaintiff, who is proceeding *pro se*, brings this action under the Privacy Act, *see* 5 U.S.C. § 552a, against Wackenhut and the BOP. He alleges that defendants "generated several falsified documents which they used as the proximate cause for the improper retaliatory transfer of the Plaintiff." Compl. ¶ 69 (Part III). He further alleges that defendants placed those falsified documents in his Central File, and used "those documents to maintain inaccurate records for the purpose of adversely affect [sic] Plaintiff through a retaliatory transfer to a higher level institution, as a special offender, under Central Inmate Monitoring."[3] *Id.* (Part IV).

In addition to his Privacy Act claims, plaintiff brings civil rights claims under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against 22 individuals who are employees either of the BOP or Wackenhut. He contends that these defendants violated rights protected by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution by denying him due process and by subjecting him to cruel and

---

to the Complaint generally will include the paragraph number and section number.

     [3]     Evidently, plaintiff was to be separated from the two inmates with whom he allegedly planned the food and work strike at TCI. *See* Compl. ¶¶ 70, 72 & Ex. V (December 17, 2001 Memorandum approving classification as a Central Inmate Monitoring case).

unusual punishment. *See* Compl. (Part IV). He demands injunctive relief and monetary damages. *Id.*

## II.  DISCUSSION

### A.  Privacy Act Claims[4]

Plaintiff purports to bring Privacy Act claims against Wackenhut, a private corporation which operated the Taft Correctional Institution in Taft, California pursuant to a contract with BOP. Compl. ¶¶ 2- 3. According to BOP's website (www.bop.gov), TCI is a private facility.

Generally, the Privacy Act regulates the collection, maintenance, and disclosure of personal information by federal executive branch agencies. It does not cover a private corporation, which is not an "agency" for purposes of the Privacy Act. *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1450-51 (D.C. Cir. 1985) (concluding that private nonprofit corporation formed to provide engineering and technical services to Air Force missile and space program is not an agency as term is defined in Privacy Act); *Dennie v. Univ. of Pittsburgh Sch. of Med.*, 589 F.Supp. 348, 352 (D.V.I. 1984) (dismissing hospital and medical school as defendants for plaintiff's failure to allege facts showing substantial federal control or supervision necessary to characterize entities as "federal" for purposes of Privacy Act jurisdiction), *aff'd*, 770 F.2d 1068 (Table) (3d Cir.), *cert. denied*, 474 U.S. 849 (1985); *see* 5 U.S.C. §§ 551(1), 552(f), 552a(1). Accordingly, plaintiff's Privacy Act claims against Wackenhut must be dismissed.

---

[4] Plaintiff does not bring Privacy Act claims against any of the individual defendants. *See* Compl. ¶ 1 (Part I); Pl.'s Opp. to Fed. Defs.' Mot. to Dismiss at 9. If he had, the claims would be dismissed because individuals, government officials and government employees are not proper parties to a Privacy Act action. *Armstrong v. United States Bureau of Prisons*, 976 F.Supp. 17, 23 (D.D.C. 1997), *aff'd*, 1998 WL 65543 (D.C. Cir. Jan. 30, 1998); *see Reid v. Federal Bureau of Prisons*, No. 04-1845, 2005 WL 1699425 at *2 (D.D.C. July 20, 2005).

B. Civil Rights Claims under *Bivens*

The United States Court of Appeals for the District of Columbia Circuit instructs that "[c]ourts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

1. Personal Jurisdiction

A District of Columbia court may exercise personal jurisdiction over a person who is "domiciled in, organized under the laws of, or maintaining [a] principal place of business in, the District of Columbia as to any claim for relief."[5] D.C. Code § 13-422. Plaintiff does not allege that any of the individual defendants are domiciled or incorporated in the District of Columbia, *see id.* ¶¶ 5-6, 8-25 (Part II), and thus fails to establish that they are persons over whom this Court may exercise jurisdiction under D.C. Code § 13-422.[6] *See Pollack v. Meese*, 737 F.Supp. 663, 665 (D.D.C. 1990).

The Court engages in a two-part inquiry in order to determine whether it may exercise personal jurisdiction over a non-resident defendant. First, the Court must determine whether jurisdiction may be exercised under the District's long-arm statute. *GTE New Media Services, Inc. v. Bell South Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Second, the Court must

---

[5] With respect to defendant Wackenhut, plaintiff alleges that it is a "private, for profit corporation maintaining offices at 4200 Wackenhut Drive, Palm Beach Gardens, FL." Compl. ¶ 3 (Part II). He does not allege that Wackenhut is a corporation organized under District of Columbia law or maintaining a principal place of business in the District of Columbia. He does not establish personal jurisdiction under D.C. Code § 13-422.

[6] Plaintiff alleges that defendant Lappin is BOP's Director, and that defendant Watts maintains an office at BOP's Washington, D.C. headquarters. Compl. ¶¶ 4, 7 (Part II). Their domiciles, however, are not stated in the record.

determine whether the exercise of personal jurisdiction satisfies due process requirements. *Id.* (citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)).

Under the District's long-arm statute, a District of Columbia court may exercise personal jurisdiction over a non-resident defendant who either (1) transacts business in the District, (2) causes tortious injury in the District by an act or omission in the District, or (3) causes tortious injury in the District "by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia."[7] D.C. Code § 13-423(a). Plaintiff bears the burden of establishing that personal jurisdiction under the long-arm statute exists "by demonstrating a factual basis for the exercise of such jurisdiction over the defendant." *Novak-Canzeri v. Saud*, 864 F.Supp. 203, 205 (D.D.C. 1993) (citing *First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988)). Plaintiff does not meet this burden.

Although persistent conduct undertaken in a person's individual capacity may constitute the transaction of business for purposes of the long-arm statute, *see Pollack v. Meese*, 737 F.Supp. at 666, the complaint sets forth no allegations that these defendants have any personal connection with the District of Columbia. The mere fact that defendants Haro, Ballash, Gonzalez and Brokenshire are employees of the BOP, the headquarters office of which is in the District of Columbia, does not render them subject to suit in their individual capacities in this district. *See Stafford v. Briggs*, 444 U.S. 527, 543-45 (1980) (absent minimum contacts other

---

[7] The District's long-arm statute sets forth alternative bases for long-arm jurisdiction. *See* D.C. Code § 13-423(a). None of these alternatives is relevant in this case.

than those arising from federal employment, court may not exercise personal jurisdiction over federal official in his individual capacity). Similarly, the fact that the Wackenhut employees at TCI work for a BOP contractor does not suffice.

Finally, the complaint alleges no facts to establish that plaintiff suffered any injury in the District of Columbia. The actual injuries of which plaintiff complains occurred in California or, perhaps, Arizona. Regardless of whether these defendants acted within or outside of the District of Columbia, plaintiff suffered no injury here. Accordingly, the Court concludes that it lacks personal jurisdiction over Wackenhut or the individual defendants.

## 2. Venue

Venue for plaintiff's claims against the individual defendants in their individual capacities is determined under 28 U.S.C. § 1391(b). *See Stafford v. Briggs*, 444 U.S. at 544. Where, as here, the Court's jurisdiction is not based solely on diversity of citizenship, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). By this standard, this case properly may proceed in the Eastern District of California, the judicial district where most of the events described in the complaint occurred.

## C. Transfer

In a case filed in a jurisdiction where venue is improper, the Court, in the interest of justice, may transfer the action to any other district where it could have been brought. 28 U.S.C. § 1406(a). The decision to transfer an action on this ground is left to the discretion of the Court.

*See Novak-Canzeri,* 864 F.Supp. at 207.  The Court may transfer an action even though it lacks personal jurisdiction over the defendants.  *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984).

Transfer is appropriate under section 1406(a) "when procedural obstacles [such as lack of personal jurisdiction and improper venue] impede an expeditious and orderly adjudication on the merits." *Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)); *Crenshaw v. Antokol*, 287 F.Supp.2d 37, 45 (D.D.C. 2003).  Further, "[i]t is in the interest of justice to transfer the entire complaint rather than have it heard in two different venues." *In re O'Leska*, No. 00-5339, 2000 WL 1946653 *1 (D.C. Cir. Dec. 7, 2000) (per curiam); *Crenshaw v. Antokol*, 287 F.Supp.2d at 45.

In this case, the Court lacks personal jurisdiction over Wackenhut and the individual defendants.  The alleged events giving rise to plaintiff's claims occurred principally in California, where Wackenhut and BOP conduct business and where many of the individual defendants likely reside.  Although plaintiff's Privacy Act claims may be brought in this district, *see* 5 U.S.C. § 552a(g)(5), judicial economy is served by transferring this civil action in its entirety.  Therefore, in the interest of justice, the Court will transfer this action to the United States District Court for the Eastern District of California.  An Order consistent with this Memorandum Opinion will be issued separately on this same date.

                                                HENRY H. KENNEDY, JR.
                                                United States District Judge